# VIRGINIA:

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Friday, the 11th day of March, 2005.

William Joseph Burns,                                      Petitioner,

  against                          Record No. 020971

Warden of the Sussex I
 State Prison,                                           Respondent.

### Upon a Petition for Writ of Habeas Corpus
### Upon a Rehearing

On October 28, 2003, we entered an order dismissing Burns' petition for a writ of habeas corpus except for that portion of the petition asserting that he was not eligible for the death penalty because he was mentally retarded. We concluded that Burns' claim of mental retardation was not frivolous and, pursuant to Code § 8.01-654.2, remanded the matter to the Circuit Court of Shenandoah County for a jury determination of that issue.

The Warden filed a motion for rehearing asserting that Burns was not entitled to a jury determination of his claim of mental retardation. On February 6, 2004, we granted the Warden's motion for rehearing and vacated that portion of our October 28, 2003 order remanding Burns' mental retardation claim to the circuit court. On June 10, 2004, we issued an order reinstating that portion of the October 28, 2003 order remanding the case to the circuit court for a jury determination of the mental retardation issue. The Warden filed a motion seeking a rehearing of the June 10 order, again asserting that Code § 8.01-654.2 does not allow a jury determination

of Burns' claim of mental retardation in a habeas corpus proceeding. We granted the Warden's motion by order entered October 1, 2004, and set aside the order of June 10, 2004. Upon further review of the briefs and argument of counsel, we conclude that, on remand to the circuit court, Burns is entitled to a jury determination of his mental retardation claim.

In 2003, following the decision of the United States Supreme Court in Atkins v. Virginia, 536 U.S. 304 (2002), the General Assembly enacted Code §§ 19.2-264.3:1.1 and 19.2-264.3:1.2 establishing the procedure for determining defendants' claims of mental retardation arising in capital murder trials. The General Assembly also enacted Code § 8.01-654.2 allowing defendants whose capital murder trials concluded before April 29, 2003 to raise the issue of mental retardation. That statute provides:

> Notwithstanding any other provision of law, any person under sentence of death whose sentence became final in the circuit court before April 29, 2003, and who desires to have a claim of his mental retardation presented to the Supreme Court, shall do so by one of the following methods: (i) if the person has not commenced a direct appeal, he shall present his claim of mental retardation by assignment of error and in his brief in that appeal, or if his direct appeal is pending in the Supreme Court, he shall file a supplemental assignment of error and brief containing his claim of mental retardation, or (ii) if the person has not filed a petition for a writ of habeas corpus under subsection C of § 8.01-654, he shall present his claim of mental retardation in a petition for a writ of habeas corpus under such subsection, or if such a petition is pending in the Supreme Court, he shall file an amended petition containing his claim of mental retardation. A person proceeding under this section shall allege the factual basis for his claim of mental retardation. The Supreme Court shall consider a claim raised under this section

2

and if it determines that the claim is not frivolous, it shall remand the claim to the circuit court for a determination of mental retardation; otherwise the Supreme Court shall dismiss the petition.  The provisions of §§ 19.2-264.3:1.1 and 19.2-264.3:1.2 shall govern a determination of mental retardation made pursuant to this section.  If the claim is before the Supreme Court on direct appeal and is remanded to the circuit court and the case wherein the sentence of death was imposed was tried by a jury, the circuit court shall empanel a new jury for the sole purpose of making a determination of mental retardation.

If the person has completed both a direct appeal and a habeas corpus proceeding under subsection C of § 8.01-654, he shall not be entitled to file any further habeas petitions in the Supreme Court and his sole remedy shall lie in federal court.

The Warden interprets this statute as authorizing a jury determination of mental retardation only when a capital defendant raises the issue in this Court on direct appeal.  This interpretation, he argues, is consistent with our jurisprudence that excludes the use of a jury in habeas corpus proceedings.

We agree with the Warden that habeas corpus proceedings do not involve juries.  However, the proceeding under Code § 8.01-654.2 is not a habeas corpus proceeding, but a proceeding created by the General Assembly for a specific and limited purpose.  The statute provides a mechanism to raise the mental retardation issue in the context of a direct appeal or habeas corpus petition, and establishes a single specific procedure to determine the issue regardless of the context in which the issue arises.  The Warden does not contest that the General Assembly has full authority to enact Code § 8.01-654.2 and delineate the procedure contained in

3

that statute.  Accordingly, a person qualified to raise the mental retardation issue under the statute may do so in a habeas corpus petition; however, adjudication of that issue does not occur as part of a habeas corpus proceeding but in the specific proceeding the General Assembly established in Code § 8.01-654.2.

Thus, if this Court finds that a mental retardation claim is not frivolous, as in this case, it must "remand" the factual issue of mental retardation to the circuit court for determination.  Under the plain language of the statute, the traditional "referral" of factual matters to a circuit court for an evidentiary hearing available in a capital habeas corpus proceeding, Code § 8.01-654(C), is not available for proceedings arising pursuant to Code § 8.01-654.2.  The requirement that a non-frivolous claim be remanded applies whether the claim is raised in the context of a direct appeal or a petition for habeas corpus.

The statute does not directly address whether the claim of mental retardation on remand is to be determined by a court or by a jury.  However, Code § 8.01-654.2 directs that the provisions of Code §§ 19.2-264.3:1.1 and 19.2-264.3:1.2 govern the determination of mental retardation on remand.  Code § 19.2-264.3:1.1(C) provides that if the guilt phase of the capital murder trial was tried by a jury, the jury shall determine the mental retardation issue as part of the sentencing phase; if the guilt phase was tried by a judge, the judge makes the determination as part of the sentencing proceeding.  The General Assembly has directed these provisions apply whether the claim is raised in a direct appeal or as a habeas corpus petition.

4

Finally, the provision in Code § 8.01-654.2 directing the circuit court to empanel a new jury to determine the mental retardation claim if the original sentence of death was imposed by a jury is not a limitation on the use of juries to determine the issue, but rather authorizes the circuit court to empanel a new jury to determine the issue.  See e.g., Code § 19.2-264.3(C).

As noted above, Code § 8.01-654.2 is a transitional statute that the General Assembly enacted to address the rights of a limited number of capital murder defendants.  Our holding is strictly a determination of the scope of Code § 8.01-654.2.  That statute permits a petitioner in a very limited number of cases to raise the mental retardation issue in the direct appeal or habeas corpus proceeding but creates a separate procedure for determining the issue which is not part of the habeas corpus proceeding.  Neither the statute nor this decision in any way alters our traditional habeas corpus rules.

We have previously held that Burns' claim of mental retardation is not frivolous.  Because Burns was originally tried by a jury, Code § 8.01-654.2 requires that, on remand, Burns is entitled to have his claim of mental retardation determined by a jury.  Code § 19.2-264.3:1.1(C).  Furthermore, although the statute is silent regarding the procedure to be followed once the mental retardation issue is resolved on remand, we conclude that, upon a finding that Burns is not mentally retarded, the sentence of death entered on May 12, 2000 remains in full force and effect.  Upon a finding that Burns is mentally retarded, the trial court shall enter an order vacating the sentence of death and re-sentencing Burns in accordance

5

with Code § 19.2-264.3:1.1(D).

For these reasons, the petitioner's claim of mental retardation is remanded to the Circuit Court of Shenandoah County for further proceedings consistent with this order.

_____

JUSTICE KINSER, concurring in part and dissenting in part.

I agree with the majority's conclusion that, pursuant to the provisions of Code § 8.01-654.2, an individual under a sentence of death that became final before April 29, 2003, who uses a habeas corpus petition as the vehicle to raise a claim of mental retardation is entitled to have that claim adjudicated by a jury, provided the claim is non-frivolous and the individual was originally tried by a jury. However, I reiterate my prior conclusion that Burns failed to present to this Court a non-frivolous claim of mental retardation. See Code § 8.01-654.2. Thus, in my view, Burns is not entitled to have the claim remanded to the Circuit Court of Shenandoah County. For that reason, I respectfully concur in part and dissent in part.

This order shall be published in the Virginia Reports.

A Copy,

Teste:


Patricia L. Harrington, Clerk

6